IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**JESSE T. GILMORE,**

       **Petitioner,**

v.                                                       Civil Action No. 5:18cv90
                                                           (Judge Stamp)

**JENNIFER SAAD, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On May 21, 2018, the *pro se* Petitioner, Jesse Gilmore, an inmate then incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence. Because the Petitioner failed to complete the petition in conformity with this Court's Local Rules, he was directed to refile his petition. ECF No. 4. He did so on June 11, 2018. ECF No. 7. On July 5, 2018, the Petitioner satisfied the filing fee. ECF No. 13.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Background[1]

On October 7, 2004, the Petitioner was named in an 11-count Superseding Indictment charging him with the following counts: Conspiracy to Possess with Intent to Distribute and Distribute Cocaine and Cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846 (Count 1); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Counts 2, 3, 6, and 10); Use of a Firearm During Drug Trafficking, in violation of 18 U.S.C. § 924(c) (Counts 4, 8, and 9); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 5); Possession with Intent to Distribute Cocaine Base Within 1000 feet of a School, in violation of 21 U.S.C. §§ 841(k)(1) and (b)(1)(B)(iii) (Count 7) and Maintaining a Place for the Use and Sale of Cocaine Base, in violation of 21 U.S.C.§ 856(a)(1) (Count 11). On November 10, 2004, the government filed an information establishing the Petitioner's prior conviction on July 13, 2001, in Newport News, Virginia, for Possession of Cocaine, a felony. That enhancement increased the mandatory minimum penalty on Count 2 from 10 to 20 years. On November 17, 2004, the Petitioner entered a plea of guilty to Counts 2 and 8. The parties agreed that the Petitioner was responsible for at least 10,000 but less than 30,000 kilograms of marijuana placing him at a base offense level of 36. Three levels were deducted for acceptance of responsibility, lowering his offense level to 33. With a criminal history category of VI, his guideline range was 235 to 293 months. On March 3, 2005, the

---

[1] Documents pertaining to the Petitioner's criminal case prior to June 1, 2015 are not scanned in on PACER. Therefore, the undersigned has relied on the docket text, the Government's July 13, 2015 Response to the Petitioner's Motion for Modification of Sentence, the Government's March 18, 2019 Response to the Petitioner's Motion for Reduction of Sentence and the Petitioner's § 2241 petition filed with this Court to summarize the history of the Petitioner's criminal conviction.

Petitioner was sentenced to 275 months on Count 2, plus 60 months consecutive on Count 8, for a total sentence of 335 months.

The Petitioner did not file a direct appeal. However, on February 27, 2006, he filed a Motion to Vacate Under 28 U.S.C. § 2255 raising five grounds. On July 14, 2008, the district court denied the Petitioner's second, third and fifth grounds for relief and scheduled an evidentiary hearing on two issues and appointed the counsel for the limited purpose of representing the Petitioner at the hearing. On December 19, 2008, the district court denied the motion to vacate on the two remaining issues. On June 23, 2009, the Fourth Circuit denied the Petitioner a Certificate of Appealability.

On June 20, 2008, pursuant to amendments to the Sentencing Guidelines, the Petitioner's sentence on Count 2 was reduced to the mandatory minimum of 240 months[2], but there was no change to the 60 month consecutive sentence on Count 8.

On June 10, 2019, pursuant to the First Step Act, the Petitioner's sentence was reduced from a total term of 300 months incarceration to a total term of 232 months. This sentence consisted of 172 months on count two and 60 months on count eight, all to be served consecutively.[3] According to the BOP inmate locator, the Petitioner's current projected release date is February 10, 2021.[4]

---

[2] Pursuant to 21 U.S.C. § 841(b), because the Petitioner was determined to have a prior conviction for a felony drug offense which was final, he was subject to a mandatory sentence of not less than 20 years.

[3] Under the First Step Act, the statutory penalty range for the Count 2 offense changed from a range of 20 years to Life (due to the filing of an enhancement under 21 U.S.C. § 841), to a term of 10 years to Life because the Petitioner was held accountable for less than 280 grams of crack cocaine. Furthermore, recalculating the guidelines using the currently applicable Guidelines Manual resulted in the Petitioner's total offense level falling by two points, resulting in a lower guideline range of 188-235 months on count two, instead of 235 to 293 month that applied at sentencing.

[4] The undersigned anticipates that this date will move forward on July 19, 2019, when the provision of the First Step Act pertaining to Good Conduct Time takes effect.

### III. Instant § 2241 Petition

The Petitioner attacks his sentence alleging that his sentence is invalid based upon a "Subsequent, Retroactive Change in the Statutory interpretation by the United States Supreme Court in Mathis v. United States[5], 136 S.Ct. 2243 (2016). ECF No. 8-1 at 1. Specifically, the Petitioner alleges his Virginia State drug conviction fails to categorically qualify as a "federally Controlled Substance element that is included within the felony drug offense definition set forth in 21 U.S.C. § 802(44), under the Statutory enhancement provision of 21 U.S.C. § 851, § 841(b)." ECF No. 8-1 at 2.

For relief, the Petitioner seeks immediate release because his sentence exceeds the 188 month guideline range he faced, and he has been incarcerated since 2004. ECF No. 8-1 at p. 18.

### IV. Legal Standard

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

[5] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now

presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

**V. Analysis**

Although the Petitioner asserts that he has satisfied the Wheeler savings clause, he is mistaken. Specifically, he has not established that, after his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong of the four prong Wheeler test.

The Petitioner asserts that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis

7

did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

In summary, the Petitioner has failed to meet the second prong of the Wheeler test, and his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and

8

dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

The Petitioner shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 8, 2019

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE